**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6103

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER DONNELL BROWN, a/k/a Stymie, a/k/a Stimey,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-cr-00350-JFA-1; 3:21-cv-01831-JFA)

Submitted:  September 28, 2023                          Decided:  October 3, 2023

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Christopher Donnell Brown, Appellant Pro Se.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Donnell Brown seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 motion and denying his motion to reopen the appeal period pursuant to Fed. R. App. P. 4(a)(6). We dismiss Brown's appeal from the order denying his § 2255 motion and affirm the district court's order denying Brown's motion to reopen the appeal period.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying Brown's § 2255 motion on April 19, 2022. Brown therefore had until June 20, 2022, to note a timely appeal.[1] On December 14, 2022,[2] Brown filed a motion to reopen the appeal period. Because Brown filed his motion to reopen beyond the 180-day period prescribed by Rule 4(a)(6), the district court properly denied the motion.

---

[1] Because the appeal period expired on Saturday, June 18, 2022, Brown had until Monday, June 20, 2022, to file his notice of appeal. *See* Fed. R. Civ. P. 26(a)(1)(C).

[2] For the purpose of this appeal, we assume that dates appearing on the documents Brown filed are the earliest dates Brown could have delivered the documents to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

Brown filed his notice of appeal on January 20, 2023, seven months beyond the appeal period. Because Brown failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we lack jurisdiction to review the order denying his § 2255 motion. We therefore dismiss this portion of the appeal.

For these reasons, we dismiss the appeal as to the denial of the § 2255 motion and we affirm the district court's order denying Brown's motion to reopen the appeal period. We deny Brown's motion to expand the record, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*